30 C.C.P.A. (Patents)
**ARMSTRONG MFG. CO. v. RIDGE TOOL CO.**

Patent Appeal No. 4670.

Court of Customs and Patent Appeals.

Dec. 1, 1942.

Asher Blum, of New York City (Charles R. Allen, of Washington, D. C., and Hugo Mock and Alex Friedman, both of New York City, of counsel), for appellant.

J. D. Douglass, of Cleveland, Ohio (Richey & Watts, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from a decision of the Commissioner of Patents, which reversed a decision of the Examiner of Trade-Mark Interferences and granted the petition of appellee for cancellation of the trade-mark of appellant.

On May 24, 1940, appellee filed in the Patent Office a petition for cancellation of the registration of appellant's mark "Vistand" issued on February 16, 1937, No. 343,- 274, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The petition alleged that the notation "Vistand" "is merely a slight misspelling of the generic name of vise-stand, which describes a stand for supporting vises or the like"; that the petitioner is a manufacturer of tools including stands for holding vises, which are known as vise stands and have been listed as such for many years prior to the earliest date of use alleged under said registered trade-mark; that the petitioner does not use the words vise stand as a trade-mark but merely in a descriptive sense.

Allegations of injury followed in the petition.

Both parties took testimony.

From such testimony it appears that appellee manufactured and sold to the public vise stands both with and without vises. It appears that prior to appellant's use of the mark "Vistand" applied to a vise stand integral with a vise (denominated by it as No. "833b") it applied the words "vise stand" to a like stand having the same number "833b." It also appears that appellee and other manufacturers described in their catalogues similar articles as "vise stands."

It is our opinion that the use of the mark "Vistand" by appellant is a misspelling of the words "vise stand" and that appellant's mark is merely descriptive of the goods to which the mark is applied.

We are fully in accord with the following statement of the commissioner in his decision: "In my opinion the mark 'Vistand' when applied to a vise stand would be apt to be pronounced the same as the name 'vise stand', and the similarity between the single word 'Vistand' and the two words 'vise stand' in sound and in appearance is so close that 'Vistand' and 'vise stand' mean the same thing, to wit, a vise stand; and the word 'Vistand' should be considered to be, in effect, merely the generic name of such article and merely descriptive thereof."

Inasmuch as appellee used the words "vise stand" as describing goods similar to those to which appellant applied the mark "Vistand" it was not necessary for appellee to prove actual damage to it by appellant's registration. In such circumstances damage will be presumed. United Shoe Machinery Corporation v.

Compo Shoe Machinery Corporation et al., 56 F.2d 292, 19 C.C.P.A., Patents, 1009; Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A., Patents, 1294.

It appears that on January 8, 1940, appellee filed an application for the registration of the mark "Tristand" as applied to "vise benches," and that appellant filed notice of opposition thereto, alleging that said mark "Tristand" is confusingly similar to its mark "Vistand" here involved.

In view of our conclusion as to the descriptiveness of appellant's mark and appellee's use of the words "vise stand" to describe its product, it is not necessary here to discuss said opposition proceeding other than to say that the question of whether appellee's mark "Tristand" is descriptive may not be determined by us in this proceeding.

For the reasons herein stated the decision of the commissioner is affirmed.

Affirmed.